**HAYS COUNTY APPRAISAL DISTRICT, Appellant,**

v.

**MAYO KIRBY SPRINGS, INC., Appellee.**

No. 03–93–00264–CV.

Court of Appeals of Texas, Austin.

June 7, 1995.

Rehearing Overruled Aug. 30, 1995.

---

Lee Vickers, Overstreet, Winn & Edwards, P.C., Austin, for appellant.

John P. Walker, San Antonio, for appellee.

Before POWERS, JONES and KIDD, JJ.

POWERS, Justice.

Hays County Appraisal District appeals from an adverse judgment in a suit by Mayo Kirby Springs, Inc. for judicial review of a District order fixing, for ad valorem tax pur- poses, the market value of Mayo's real prop- erty in Hays County. *See* Tex.Tax Code Ann. §§ 41.21–.43 (West 1992 & Supp.1995) (the "Code"). We will reverse the trial-court judgment and remand the cause for proceed- ings not inconsistent with our opinion.

## THE CONTROVERSY

Mayo's property is subdivided into residen- tial lots that the company sells as a trade or business. Section 23.12(a) of the Code pro- vides that in such instances the market value of the lots shall be determined according to "the price for which [they] would sell as a unit to a purchaser who would continue the business." Code § 23.12(a). That is to say, the statute entitles Mayo to have the market value of its "inventory" of lots determined according to what they would bring in a bulk sale to a buyer in the same business of selling residential lots. Believing section 23.12(a) violates article VIII, section 1 of the Texas Constitution, which requires that "[t]axation shall be equal and uniform," and section 2 which requires that all real proper- ty "shall be taxed in proportion to its value," the appraisal review board disregarded sec- tion 23.12(a) of the Code and calculated the market value of each lot separately in ap- praising Mayo's property. *See* Tex. Const. art. VIII, §§ 1, 2; Code § 23.12. The aggre- gate market value of the numerous lots to- taled $1,806,500 and the appraisal review board appraised them accordingly.

Mayo sued in district court, under section 42.21 of the Code, for judicial review of the appraisal order. The District counterclaimed in a declaratory-judgment action requesting that the court hold unconstitutional section 23.12(a) of the Code. In the course of the lawsuit, Mayo moved that the dispute be referred to arbitration under section 42.225 of the Code. *See* Act of May 22, 1991, 72d Leg., R.S., ch. 412, sec. 1, § 42.225, 1991 Tex.Gen.Laws 1576 (Tex. Tax Code Ann. § 42.225, since amended). Over the Dis- trict's objection, the court referred the con- troversy to arbitration and appointed an agent of "Judicial Arbitration & Mediation Services, Inc." to conduct such proceedings. Former section 42.225 of the Code, upon

which the trial court made the referral, provided as follows:

> (a) A property owner who appeals an appraisal review board order under this chapter is entitled to have the appeal resolved through binding arbitration.
>
> (b) On motion by the property owner, the court shall order the parties to submit to arbitration and shall appoint an impartial third party to conduct the arbitration. The impartial third party is appointed by the court and serves as provided by Subchapter C, Chapter 154, Civil Practice and Remedies Code.
>
> (c) Each party or counsel for the party may present the position of the party before the impartial third party, who must render a specific arbitration award resolving the appeal.
>
> (d) Except as provided by Subsection (e), an arbitration award is binding and enforceable in the same manner as a contract obligation is:
>
> > (1) in a motion filed under Subsection (b), the property owner stipulates that the award is to be binding on all the parties; or
> >
> > (2) before the rendition of the award, the parties agree to be bound.
>
> (e) An arbitration award is not binding if it results or would result in an amount of taxes on the property that exceeds the amount of taxes assessed on the property under the order from which the appeal is taken.
>
> (f) An arbitration award may include any remedy or relief that a court could order under this chapter.

*Id.* The statute has been since amended to provide that the property owner and the district must both agree to arbitration before it becomes binding. *See* Tex.Tax Code Ann. § 42.225(b) (West Supp.1995). In the present appeal, we are concerned only with the former version of the statute and its requirement of binding arbitration on the taxpayer's unilateral election.

The arbitrator fixed the market value of Mayo's property at $400,000 and awarded Mayo $15,000 in attorney's fees. The trial court rendered judgment accordingly, based expressly on the arbitrator's award, ordering that the District revise its 1991 appraisal roll to reflect a total value of all Mayo's property in an amount not to exceed $400,000. The judgment also "denied" the District's counterclaim and awarded Mayo $15,000 in attorney's fees. The District appealed to this Court.

## DISCUSSION AND HOLDINGS

### I.

As it did in the trial court, the District contends on appeal that section 42.225 of the Code, as it existed at the time of trial, is unconstitutional in purporting to authorize binding arbitration on a property owner's motion for such relief and over objection by the District. In its first four points of error, the District argues the statute is unconstitutional because: (1) it impermissibly delegates judicial power and process to a person (the arbitrator) outside the judicial system, contrary to article V, section 1 of the Texas Constitution which vests the judicial power of the State in the courts named therein; (2) it violates the separation-of-powers principle, laid down most explicitly in article II, section 1 of the Texas Constitution; (3) it frustrates the appraisal districts' and courts' constitutional duty and function to assure equality and uniformity in ad valorem taxation under article VIII, section 1 of the Texas Constitution; and (4) it purports to authorize the secret conduct of the public function of taxation, in violation of the "open courts" provision of article 1, section 13 of the Texas Constitution. We believe former section 42.225 is unconstitutional on each of the grounds claimed.

There is no doubt that arbitration is a valuable adjunct to the judicial system in the resolution of disputes. What we say herein should not be understood as stating a view that arbitration is impossible under the statutory provisions for the judicial review of appraisal-review board valuations of property pursuant to sections 42.21–.29 of the Code. *See generally* Harold H. Bruff, *Public Programs, Private Deciders: The Constitutionality of Arbitration in Federal Programs*, 67 Tex.L.Rev. 441 (1989). We hold simply that

the former version of section 42.225 does not meet the minimum constitutional standard for such statutes.

■ The ultimate interpretation and enforcement of article VIII, requiring that ad valorem taxation be equal and uniform and according to market value, is a judicial function. The judicial function may be abridged, if at all, only by an adequate statute. *See Rogers v. Daniel Oil & Royalty Co.,* 130 Tex. 386, 110 S.W.2d 891, 894 (1937). Section 42.225 of the Code is not an adequate statute. Firstly, it purports to authorize a taxpayer unilaterally to transfer the determination of his claim to a non-judicial proceeding that he may require shall remain confidential and concealed, even from the court that is expected to enforce the arbitration award. *See* Code § 42.225(b); Tex.Civ.Prac. & Rem. Code Ann. §§ 154.053(b), (c) (West Supp. 1995). While the open-courts provision of article I, section 13, of the Texas Constitution serves principally to secure the rights of individuals, it secures incidentally the public's interest in the open transaction of governmental affairs. *See Swaim v. Montgomery,* 154 S.W.2d 695, 697 (Tex.Civ.App.—Amarillo 1941, writ ref'd). By purporting to allow the taxpayer to invoke secret proceedings in the appraisal of property for ad valorem tax purposes, former section 42.225 of the Code violates article I, section 13 of the Texas Constitution.

Secondly, section 42.225 of the Code infringes unduly upon the judicial power in violation of the separation-of-powers principle of the Texas Constitution. The statute may also be viewed as an unconstitutional delegation of judicial power implicitly prohibited by article V, section 1 of the Texas Constitution. The unconstitutionality consists in the proposition that a taxpayer may unilaterally deny the reviewing court any meaningful method of ascertaining the lawfulness of the arbitration award the court is expected to enforce by its judicial power. Bruff, *supra,* at 477–78. The appraisal of property involves not only the taxpayer's rights, but public rights as well. Yet the statute purports to allow binding arbitration over the objection of the public's representative—the appraisal district—and subjects the district to judicial enforcement. And, as mentioned above, the statute purports to insulate the arbitrator's award from judicial scrutiny by incorporating the confidentiality requirement of sections 154.053(b) and (c) of the Texas Civil Practice and Remedies Code, thereby frustrating the judiciary in any attempt to learn whether the award complies with the applicable statutory and constitutional provisions—as opposed to being based upon extra-legal considerations. *Cf. Thomas v. Union Carbide Agric. Prod. Co.,* 473 U.S. 568, 592–93, 105 S.Ct. 3325, 3338–39, 87 L.Ed.2d 409 (1985) (Congress may constitutionally implement binding arbitration requirement in administrative proceedings affecting public as well as private rights under complex statutory scheme, without intruding unduly upon judicial power, when agreement of parties is required, no sanctions are imposed, and courts retain a meaningful power to review at least facial consistency of the arbitrator's decision for compliance with statutory criteria and constitutional norms).

We hold the former version of section 42.225 unconstitutional on the grounds stated. The proceedings below are therefore void. We sustain the District's point of error one through four.

## II.

■ We should also decide a reply point raised by Mayo because it is likely to arise following remand. Mayo contends in its first reply point that the District lacks standing or is equitably estopped from challenging the constitutionality of section 23.12 of the Code, an integral part of the statutory scheme the legislature has entrusted to the District's administration. We disagree. In doing so, we express no opinion on the merits of the District's claim. We decide merely that the District is entitled to press its claim of unconstitutionality and to have a judicial resolution of that claim. We refer to our decision this day in *Williamson County Appraisal District v. Nootsie, Ltd. & State of Texas,* No. 03–93–00588–CV, slip op. at 7–9, —— S.W.2d —— (Tex.App.—Austin June 7, 1995, no writ h.). We overrule Mayo's first reply point.

Our holdings above make it unnecessary to review the parties' other points of error. We reverse the trial-court judgment and remand the cause to that court for proceedings not inconsistent with our opinion.