# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===================================
## ON MOTION FOR REHEARING EN BANC
===================================

### NO. 03-05-00171-CV

**Aaron Rents, Inc., Appellant**

**v.**

**Travis Central Appraisal District, Travis County Appraisal Review Board, and Travis County Tax Assessor Collector, Nelda Wells Spears, in Her Official Capacity, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. GN401079, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## O P I N I O N

In response to appellant's motion for rehearing en banc, we grant the motion, withdraw our opinion and judgment issued on March 23, 2006, and substitute the following opinion. Aaron Rents, Inc., a furniture rental corporation, appeals a district court's judgment that denied its claim for attorney's fees in connection with its successful declaratory judgment action against the Travis Central Appraisal District.[1] Aaron Rents's suit alleged that the District exceeded its statutory

---

[1] Aaron Rents, Inc. dismissed its claims against the Travis County Tax Assessor-Collector, Nelda Wells Spears.

authority by "re-appraising" the tangible personal property at Aaron Rents's four locations after the District had certified the property's appraised value to the tax collector.[2] In two issues, Aaron Rents claims that it is entitled to the fees under the Uniform Declaratory Judgments Act and the tax code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997); Tex. Tax Code Ann. §§ 42.25, .29 (West 2001). Because we conclude that the district court did not abuse its discretion by denying Aaron Rents the attorney's fees it requested under the declaratory judgments act, we affirm that portion of the court's judgment. However, because we conclude that the district court abused its discretion by denying Aaron Rents the attorney's fees it requested under the tax code, we reverse and remand that portion of the court's judgment.

## BACKGROUND

In 2003, the legislature added section 22.23(c) to the tax code, which encouraged property owners to render for taxation "tangible personal property used for the production of income that was omitted from the appraisal roll in one of the two preceding years." Tex. Tax Code Ann. § 22.23(c) (West Supp. 2005).[3] Before this amendment, the chief appraiser could assess back taxes for personal property that was omitted from the appraisal roll in either of the two preceding years. *Id*. § 25.21 (West 2001). Section 22.23(c) granted "amnesty" to taxpayers by exempting their

---

[2] Aaron Rents nonsuited its federal and state constitutional due process claims against the Travis Central Appraisal District and Travis County Appraisal Review Board. The record shows that Aaron Rents and the District are the only parties to this appeal.

[3] The parties referred to section 22.23(c) by its precodification bill number, Senate Bill 340. *See* Act of May 31, 2003, 78th Leg., R.S., ch. 1173, § 6, 2003 Tex. Gen. Laws 3353, 3356 (expired January 1, 2005).

previously omitted property from retroactive taxation for the 2001 and 2002 tax years, if they rendered their property by December 1, 2003:

> (c) if before December 1, 2003, a person files a rendition statement for the 2003 tax year that provides the information required by section 22.01 as that section exists on January 1, 2004, and, as a result of that information, the chief appraiser discovers that some or all of that person's tangible personal property used for the production of income was omitted from the appraisal roll in one of the two preceding years, the chief appraiser may not add the value of the omitted property to the 2001 or 2002 appraisal roll. This subsection expires January 1, 2005.

Act of May 31, 2003, 78th Leg., R.S., ch. 1173, § 6, 2003 Tex. Gen. Laws 3353, 3356 (expired January 1, 2005).

Rendering tangible personal property for taxation involves filing a "rendition," a statement that contains: (1) the name and address of the property owner; (2) a description of the property by type or category; (3) if the property is inventory, a description of each type of inventory and a general estimate of the quantity of each type of inventory; (4) the physical location or taxable situs of the property; and (5) the property owner's good faith estimate of the market value of the property or, at the option of the property owner, the historical cost when new and the year of acquisition of the property. Tex. Tax Code Ann. § 22.01(a)(1)-(5) (West Supp. 2004-05).

The District sent a letter to all Travis County business owners, advising them of section 22.23(c)'s addition to the tax code and encouraging them to file the enclosed "Special Amnesty Rendition." Aaron Rents failed to file renditions with the District in 2003. It completed amnesty renditions, including depreciation schedules depicting the original cost of its property, because of its concern that there could be a difference between the property's cost and its appraised value in 2004, and that the District might believe that the difference in value was due to property that

had been omitted from the appraisal roll. Moreover, because the statute provided for one-time amnesty, Aaron Rents would be precluded from filing an amnesty rendition in 2004.

After receiving these renditions, the District issued "2003 corrected value" appraisals for Aaron Rents's "omitted" property, even though the parties had previously agreed on the 2003 appraised value of the property at all four locations, the tax collector had certified the roll, and the "omitted" property appraisals did not identify any new property at any of Aaron Rents's locations. Asserting that none of its property had been omitted from the 2003 appraisal roll, Aaron Rents filed a protest of the District's "re-appraisal" with the Travis County Appraisal Review Board. Ruling for the District, the Board approved changes to the 2003 appraisal roll that increased the appraisals for Aaron Rents's property at all four locations. Aaron Rents appealed the Board's orders[4] to the district court. *See id*. § 42.01(1)(B) (West 2001).

Aaron Rents filed a motion for partial summary judgment requesting declarations that (I) the District acted without statutory authority and in violation of section 25.25 of the tax code by re-appraising Aaron Rents's tangible personal property after its value had been certified to the tax collector, (ii) the District's re-appraisal was excessive and unequal under sections 42.25 and 42.26 of the tax code as well as article VIII, section 1 of the Texas Constitution, (iii) any additional taxes resulting from the unlawful re-appraisal were unlawful and void, and (iv) the District should be ordered to correct its tax rolls to reflect the original appraised values. The District filed a motion for partial summary judgment arguing that Aaron Rents was not entitled to attorney's fees and that section 22.23(c) of the tax code authorized the District's actions.

---

[4] The Board issued four orders concerning the tangible personal property—rental furniture—at each of Aaron Rents's locations.

4

After a hearing, the court denied the District's motion, granted Aaron Rents's motion "on all grounds other than attorney's fees," and reserved the attorney's fees issue for final trial. After final trial, the court ruled that Aaron Rents was not entitled to attorney's fees. On appeal, Aaron Rents contends that it is entitled to attorney's fees under the declaratory judgments act and the tax code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009; Tex. Tax Code Ann. §§ 42.25, .29.

## ANALYSIS

**Attorney's Fees Claimed Under Uniform Declaratory Judgments Act**

Attorney's fees are recoverable only when provided for by statute or by the parties' agreement. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). Aaron Rents contends that it is entitled to attorney's fees under the declaratory judgments act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009. But the UDJA does not require an award of attorney's fees to the prevailing party. *Id.* ("In any proceeding under [the UDJA], the court may award costs and reasonable and necessary attorney's fees as are equitable and just."); *TML Intergovernmental Employee Benefits Pool v. Prudential Ins. Co. of Am.*, 144 S.W.3d 600, 607 (Tex. App.—Austin 2003, pet. denied). Because the UDJA affords the district court a measure of discretion in awarding the fees, we review the court's denial of a claim for attorney's fees for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). The legal principle encompassed in the term "abuse of discretion" concerns a legal error committed by the district court in its award of attorney's fees that injured or prejudiced appellants. *Strayhorn v. Raytheon E-Sys.*, 101 S.W.3d 558, 571 (Tex.

5

App.—Austin 2003, pet. denied). We review a question of legal error *de novo*. *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).

The District contends that Aaron Rents availed itself of its remedy under the tax code and that it cannot use the UDJA solely to obtain attorney's fees. *See Raytheon E-Sys.*, 101 S.W.3d at 572 (citing *Texas State Bd. of Plumbing Exam'rs v. Associated Plumbing-Heating-Cooling Contractors of Tex., Inc.*, 31 S.W.3d 750, 753 (Tex. App.—Austin 2000, pet. dism'd by agr.). When a statute provides an avenue for attacking an agency order, a declaratory judgment action will not lie to provide redundant remedies. *Id.* (citing *Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.—Austin 2002, no pet.)); *see also City of Fort Worth v. Pastusek Indus.*, 48 S.W.3d 366, 371 (Tex. App.—Fort Worth 2001, no pet.) (UDJA cannot be used to evade exclusive administrative process and remedies provided in tax code).

Citing our opinion in *Texas Municipal Power Agency v. Public Utility Commission*, Aaron Rents argues that its requested declaratory judgment "is not redundant [because] it seeks guidance on the application of [tax code section 22.23(c)] and whether [the District] acted beyond its statutory authority." *See* 100 S.W.3d 510, 520 (Tex. App.—Austin 2003, pet. denied); *see also* Act of May 31, 2003, 78th Leg., R.S., ch. 1173, § 6, 2003 Tex. Gen. Laws 3353, 3356 (expired January 1, 2005). In *Texas Municipal Power Agency*, we noted that Municipal Power's declaratory judgment action requested relief more expansive than the reversal of a particular administrative determination. 100 S.W.3d at 520. But in this case, Aaron Rents's motion urged the court to find that section 22.23(c) did not authorize the District to change the 2003 appraisal roll by increasing the appraised value *of Aaron Rents's property* after the roll had been certified. Aaron Rents's motion further urged that the answer to the issue "hinge[d] on whether or not the Plaintiff [Aaron Rents] had

6

property that was omitted from the appraisal roll." Thus, unlike the declaration sought in *Texas Municipal Power Agency*, Aaron Rents's motion clarifies that its declaration sought reversal of a particular administrative determination—that Aaron Rents had property that was omitted from the appraisal roll.

Aaron Rents also cites generally to our opinion in *Local Neon Company v. Strayhorn*, to support its argument that its declaratory judgment relief is not redundant of its tax protest. *See* No. 03-04-00261-CV, 2005 Tex. App. LEXIS 4667 (Tex. App.—Austin, June 16, 2005, no pet.) (mem. op.). Aaron Rents's requested declaration is distinct from that sought in *Local Neon Company* because Aaron Rents does not challenge the constitutionality of an administrative rule or the tax protest statutes. *See id*. at *24.

Similarly, Aaron Rents's reliance upon *Texas Department of Human Services v. ARA Living Centers of Texas, Inc.* is misplaced, as that case involved an award of declaratory relief based on one state agency's exercise of enforcement powers that were reserved to another. *See* 833 S.W.2d 689, 694-95 (Tex. App.—Austin 1992, writ denied). Here, there is no question that the District was authorized to enforce section 22.23(c) and the critical determination "hinge[d] on whether or not the Plaintiff [Aaron Rents] had property that was omitted from the appraisal roll."

Because Aaron Rents's declaratory judgment action sought reversal of the District's determination that Aaron Rents had property that was omitted from the appraisal roll and did not challenge the constitutionality of an administrative rule or tax protest statute, or that the District was exercising enforcement powers that were reserved to another agency, the requested declaratory relief was redundant to that sought in Aaron Rents's tax protest, with the exception of its request for attorney's fees. *See* Tex. Tax Code Ann. §§ 42.01(1)(B), 25.25 (West 2001). It is an abuse of

7

discretion for a court to award attorney's fees under the UDJA when the relief sought is no greater than relief that otherwise exists by agreement or statute. *Raytheon E-Sys.*, 101 S.W.3d at 572 (citing *Texas State Bd. of Plumbing Exam'rs*, 31 S.W.3d at 753; *University of Tex. v. Ables*, 914 S.W.2d 712, 717 (Tex. App.—Austin 1996, no writ)).

Furthermore, if Aaron Rents believed that the District acted beyond its statutory authority, it could have appealed directly to the district court. *See Mag-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 625 (Tex. App.—Austin 2005, pet. denied). Aaron Rents chose to pursue its administrative remedy under the tax code by filing a protest with the Board and appealing the Board's orders to the district court. The court ruled in favor of Aaron Rents "on all grounds other than attorney's fees." Aaron Rents's argument that the tax code is inapplicable to its claims against the District—after it availed itself of the code's full administrative process—is not persuasive. Because we find that Aaron Rents availed itself of its administrative remedy under the tax code and that the declaratory judgments act cannot be used to circumvent the code, we conclude that the court did not abuse its discretion in denying the requested attorney's fees under the UDJA. We overrule Aaron Rents's first point of error.

**Attorney's Fees Claimed Under Section 42.29 of Tax Code**

Aaron Rents next argues that an award of attorney's fees is mandatory under section 42.29 of the tax code because the District's appraisal of its property was excessive. *See* Tex. Tax Code Ann. §§ 42.25, .29; *Zapata County Appraisal Dist. v. Coastal Oil & Gas*, 90 S.W.3d 847, 854 (Tex. App.—San Antonio 2002, pet. denied).

The District contends that section 42.29 is inapplicable because the District's subsequent appraisal of Aaron Rents's property did not constitute an "excessive appraisal," i.e., an appraisal in excess of the property's fair market value. It argues that the issue was whether Aaron Rents's property should have been appraised at all after the tax collector certified the 2003 appraisal roll. The District's argument is not persuasive because the court ruled in favor of Aaron Rents on the excessive appraisal issue and the District does not challenge that ruling on appeal. The court's order stated that it granted Aaron Rents's partial summary judgment "on all grounds other than attorney's fees." One of the declarations sought in Aaron Rents's motion was that "the District's re-appraisal was excessive . . . under section[] 42.25 . . . of the tax code."

In general, we review a trial court's decision to award attorney's fees for an abuse of discretion and review the amount awarded under a legal sufficiency standard. *See Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 262 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m. by agr.). A trial court abuses its discretion if its decision "is arbitrary, unreasonable, and without reference to guiding principles." *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). However, some statutes remove the discretion from the trial court. *Cf. Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

The statutes pertinent to a determination of whether a party is entitled to attorney's fees in this appeal are sections 42.25 and 42.29 of the tax code. *See* Tex. Tax Code Ann. §§ 42.25, 42.29. Section 42.25 provide as follows:

> If the court determines that the appraised value of property according to the appraisal roll exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court.

*Id.* § 42.25.

Section 42.29 states that a property owner who is successful in an "excessive appraisal" appeal under section 42.25 may be awarded attorney's fees and provides as follows:

> (a) A *property owner* who prevails in an appeal to the court under Section 42.25 or 42.26 *may be awarded* reasonable attorney's fees. The amount of the award may not exceed the greater of:
>
>    (1) $15,000; or
>
>    (2) 20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal.
>
> (b) Notwithstanding Subsection (a), the amount of an award of attorney's fees may not exceed the lesser of:
>
>    (1) $100,000; or
>
>    (2) the total amount by which the property owner's tax liability is reduced as a result of the appeal.

*Id*. § 42.29 (emphasis added).

At first glance, the language in section 42.29 might be read as giving the trial court the discretion to award attorney's fees. *See* Tex. Gov't Code Ann. § 311.016(1), (2) (West 2005) (in construing statutes, word "may" creates discretionary authority or grants permission or power, but word "shall" imposes duty). However, the determination of whether a statute requires the imposition of attorney's fees or vests the trial court with the discretion to decide does not depend exclusively on whether the statute uses the word "may" or "shall." *Cf. Bocquet*, 972 S.W.2d at 20.

Under the current state of the law, the determination primarily depends on whether the legislature has bestowed a power to trial courts or an entitlement to litigants.

In *Bocquet*, the supreme court distinguished between statutes that vest a trial court with the discretion to award attorney's fees and statutes that require the court to award attorney's fees. *See id.*; *compare* Tex. Fam. Code Ann. § 106.002 (West Supp. 2005) (court may render judgment for reasonable attorney's fees), *with* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 1997) (person may recover attorney's fees). Statutes providing that a "court may award" attorney's fees grant courts a measure of discretion in awarding attorney's fees, but statutes providing that a "party may recover," "party shall be awarded," or "party is entitled to" attorney's fees mandate an award of fees that are reasonable and necessary. *See Bocquet*, 972 S.W.2d at 20. The distinction drawn by the supreme court seems to hinge upon whether the statute in question speaks to what the *litigant may receive* or what the *court may award*. *See Zapata County Appraisal Dist. v. Coastal Oil & Gas Corp.*, 90 S.W.3d 847, 853 (Tex. App.—San Antonio 2002, no pet.); *Kimbrough v. Fox*, 631 S.W.2d 606, 609 (Tex. App.—Fort Worth 1982, no writ).

An apparent split of authority has developed among Texas courts regarding which meaning attaches to section 42.29. In *Tex-Air Helicopters, Inc. v. Appraisal Review Board of Galveston County,* the Houston Court stated that under section 42.29 the trial court has the discretion to award attorney's fees. 940 S.W.2d 299, 304 (Tex. App.—Houston [14th Dist.] 1997), *aff'd*, 970 S.W.2d 530 (Tex. 1998). However, because the trial court had determined that Tex-Air was not a prevailing party, the Houston Court did not reach the issue of attorney's fees. *Id.* The Texarkana Court made a similar statement in *Tex-Air Helicopters, Inc. v. Harris County Appraisal District* 15

11

S.W.3d 173, 177 (Tex. App.—Texarkana 2000, pet. denied). In that case, the court stated that the award of attorney's fees was discretionary but concluded that, because the case did not involve an "excessive appraisal," section 42.29 did not apply. *Id.*

The San Antonio Court, on the other hand, addressed the issue of attorney's fees and concluded that section 42.29 entitled a prevailing party to recover attorney's fees. *Zapata*, 90 S.W.3d at 854. In making this determination, the court relied on a distinction originally articulated in *Kimbrough*. *Id.* at 854. In *Kimbrough,* the court was faced with the question of whether a statute stating that a "claimant may . . . also recover . . . a reasonable amount of attorney's fees" was mandatory or discretionary. 631 S.W.2d at 609 (quoting Tex. Rev. Civ. Stat. Ann. art. 2226 (1979)). The *Kimbrough* court specified that "the question is whether . . . the legislature granted the litigant permission to recover the fees or whether it granted the trial court permission to either award or deny such fees." *Id.* Ultimately, the *Kimbrough* court concluded that the statutory language ("claimant may . . . recover . . . attorney's fees") granted the litigant the *right* to recover attorney's fees and expressly held that the use of the term "may" was not dispositive of whether the trial court had discretion to award attorney's fees. *Id.*

In reaching its conclusion in *Zapata*, the San Antonio Court also relied on the distinction described in *Bocquet*. 90 S.W.3d at 854. The court concluded that a statute providing that a "property owner . . . may be awarded" attorney's fees is more similar to a statute providing that "a party may recover" than it is to a statute specifying that a "court may award" attorney's fees. *Id.* As a result, the court concluded that the award of attorney's fees is mandatory. *Id.*

12

The real difficulty in this case arises due to the fact that this particular statute is neither clearly one or the other of the types of statutes distinguished in *Bouquet*. Due to the use of passive voice in the statute, the wording could be rearranged and construed to mean that trial courts have the discretion to award attorney's fees to prevailing property owners. For example, the statute as written specifies that "[a] property owner . . . may be awarded reasonable attorney's fees." Tex. Tax Code Ann. § 42.29. The statute could be construed as impliedly stating that "a property owner . . . may be awarded reasonable attorney's fees *by the trial court*." Given the implied addition of the words "by the trial court" and due to the use of passive voice in the statute, the wording of the statute could be inverted to make the "trial court" the subject of the sentence and to read as follows: "the trial court may award a property owner reasonable attorney's fees." Under this inverted reading, the statute vests the trial court with the discretion to award attorney's fees.

However, the supreme court has indicated its reluctance to engage in wordplay to ascribe meaning to a statute that contradicts the meaning expressed in an unaltered reading of the statute. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 358 (Tex. 2000) (courts must take statutes as they find them and should not give strained readings to statutes). When determining the meaning of a statute, our task is to interpret the statute as written. *See In re Doe*, 19 S.W.3d 346, 351 (Tex. 2000) (statutes must be interpreted as written); *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241-42 (Tex. 1994). In construing statutes, our goal is to give effect to the legislature's intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004). Every word in a statute is presumed to have been used for a purpose and every word excluded must have been excluded for a purpose. *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 659

13

(Tex. 1995). Further, the legislature is presumed to be aware of case law interpreting statutes it enacts. *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 596 (Tex. 2001).

Section 42.29 was originally enacted after the distinction in attorney's fees was articulated in *Kimbrough*. *See* Act of May 26, 1983, 68th Leg., R.S., ch. 905, § 1, sec. 42.29, 1983 Tex. Gen. Laws 5033. When it enacted the statute, the legislature did not specify that the "court may award attorney's fees"; rather, the legislature specified that the prevailing taxpayer "may be awarded" attorney's fees. The phrase a "property owner may be awarded attorney's fees" is the functional equivalent of the phrase a "party may recover attorney's fees," which the supreme court has stated entitles a party to attorney's fees. *See Bocquet*, 972 S.W.2d at 20. Had the legislature intended to give trial courts the discretion to deny fees to a prevailing property owner, they would have drafted the statute accordingly. *See Kimbrough*, 631 S.W.2d at 609.[5]

Under the previous version of section 42.29, a prevailing party was "entitled to reimbursement for reasonable attorney's fees." *See* Act of May 26, 1979, 66th Leg., R.S., ch. 841,

---

[5] We note that, in an unpublished opinion, this Court previously concluded that an award of attorney's fees under section 42.29 is discretionary. *See Hays County Appraisal Dist. v. Mayo Kirby Springs*, 1997 Tex. App. LEXIS 5876 (Tex. App.—Austin 1995, no writ); *see also* Tex. R. App. P. 47.7 ("Opinions not designated for publication by the court of appeals . . . have no precedential value . . . ."). However, this case was decided before the supreme court decided *Bocquet*. Further, in support of its conclusion that the language in section 42.29 is discretionary, this Court cited to the Texas Uniform Declaratory Judgments Act, which provides as follows:

> In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.

Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997).

Unlike section 42.29 of the tax code, the declaratory judgment act specifically gives trial courts the power to decide whether to award attorney's fees. *See* Tex. Tax Code Ann. § 42.29.

14

§ 1, 1983 Tex. Gen. Laws 2217, 2312. The bill analysis attaches no significance to the change in language from a property owner "is entitled to . . . attorney's fees" to "a property owner . . . may be awarded attorney's fees."[6] *See* Senate Comm. on Finance, Bill Analysis, H. B. 1580, 68th Leg., R.S. (1983). Had the legislature intended a substantive change in the statute with respect to the award of attorney's fees in the excessive appraisal context, one might look for some mention of that intention in the legislative history. We found none.

This interpretation of section 42.29 is also supported by a recent opinion from the Dallas Court of Appeals. In *Gardner v. Warehouse Partners*, the court was asked to decide whether remedies afforded to a prevailing tenant in section 92.0081 of the property code were mandatory or discretionary. No. 05-97-01501-CV, 2000 Tex. App. LEXIS 1766 (Tex. App.—Dallas Mar. 17, 2000, no pet.). Section 92.0081 provides, in relevant part, as follows:

(h) If a landlord violates this section, *the tenant may*:

. . .

(2) *recover* from the landlord a civil penalty of one month's rent plus $500, actual damages, court costs, and reasonable attorney's fees in an action to recover property damages, actual expenses, or civil penalties, less any delinquent rent or other sums for which the tenant is liable to the landlord.

Tex. Prop. Code Ann. § 92.0081(h) (West Supp. 2005) (emphasis added). Even though the statute uses the words "may recover" when describing remedies available to the tenant, the court concluded

---

[6] The only mention of attorney's fees in the bill analysis states that the purpose of section 42.29 is to "provide a maximum amount of attorney's fees that may be awarded . . . ." Senate Comm. on Finance, Bill Analysis, H.B. 1580, 68th Leg., R.S. (1983). However, the statutory cap on attorney's fees found in section 42.29 is not relevant to the issue in this case.

that the language of section 92.0081 is mandatory, not discretionary, and that the prevailing tenant was "entitled to recover from Warehouse and Glendale the greater of his actual damages or one months rent and reasonable attorney's fees." *Id.* at *3 (citing *Bocquet*, 972 S.W.2d at 20). Further, the court concluded that the trial court abused its discretion in failing to award Gardner the amount in question. *Id.* Like section 92.008, the subject of the relevant portion of section 42.29 of the tax code is a prevailing party, not the court. In addition, section 42.29, like section 92.0081, couples the use of a prevailing party as the subject of the statute with the use of the word "may" when describing remedies available to a litigant.

The unusual circumstances of this type of claim also support the conclusion that the award of attorney's fees to a prevailing property owner is not discretionary. The statute in question mandates the issuance of attorney's fees after a party has proven that the government has issued an excessive appraisal of the party's property. *See* Tex. Tax Code Ann. §§ 42.25 (remedy for excessive appraisal), 42.29. When an excessive appraisal is issued, a property owner is forced to pay more in taxes than is actually required. To recover the amount of money overpaid, the property owner must go through the onerous task and added expense of preparing and filing a lawsuit against the government. Given this fact setting, it is reasonable to conclude the legislature intended parties to recover the amount of attorney's fees incurred in pursuing their claims when they prevail.

Were the slate clean, we would not draw the extremely subtle semantic distinction originally articulated in *Kimbrough*. Courts should be able to presume that the legislature speaks in more direct ways than this distinction implies. Further, we should be able to presume that, when the legislature uses phrases like "a party may recover attorney's fees" or "a party may be awarded

16

attorney's fees," the legislature means what the phrases indicate: that an award of attorney's fees is discretionary. However, the slate is not clean. For all the reasons previously described, we conclude that *Zapata* articulates the correct reading of section 42.29, particularly in light of the supreme court's statement in *Bocquet*.

In its analysis, the dissent ignores the distinction articulated in *Kimbrough* and *Boquet* and concentrates solely on the use of the word "may" and the use of passive voice in section 42.29. In support of its assertion that the phrase "may be awarded" in section 42.29 necessitates the conclusion that the award of attorney's fees is within the discretion of the trial court, the dissent cites to section 41.003(a) of the civil practice and remedies code, which provides, in relevant part, as follows:

> Except as provided by Subsection (c), exemplary damages may be awarded only if the claimant proves . . . .

Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a) (West Supp. 2005).

The dissent notes that section 41.003 is a discretionary statute and asserts that this statute is similar to section 42.29. However, this statute differs significantly from section 42.29. This statute does not contain the same grammatical structure as the relevant portion of section 42.29. The subject of section 41.003(a) is "exemplary damages" whereas the subject of section 42.29 is "[a] property owner." Because the subject of the sentence is not the litigant, this statute is not similar to the type of statutes specified in *Bocquet* as mandating the award of attorney's fees. *See Bocquet*, 972 S.W.2d at 20 (mandatory statutes include statutes specifying "party may recover" and "party is entitled to recover" attorney's fees) (emphasis added). Further, section 41.010 of the civil practice and remedies code specifically states that the award of exemplary damages is "within the discretion

17

of the trier of fact." *Id.* § 41.010(b) (West Supp. 2005). There is no comparable statutory declaration regarding attorney's fees in the excessive appraisal context.

In further support of its argument, the dissent also cites to a statute the court in *Bocquet* considered to be a discretionary statute—former section 11.18(a) of the family code, which provides, in relevant part, as follows:

> In any proceeding under this subtitle, including, but not limited to, habeas corpus, enforcement, and contempt proceedings, *the court may award costs. Reasonable attorney's fees may be taxed as costs* . . . .

Act of May 31, 1981, 67th Leg., R.S., ch. 355, § 3, 1981 Tex. Gen. Laws 942, 944 (emphasis added). This statute was later recodified into section 106.002 of the family code and amended to provide, in relevant part, as follows: "the court may order reasonable attorney's fees . . . ." *See* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 133.[7] The bill analysis to the recodification states that the amendment to the statute was meant as a nonsubstantive recodification. *See* House Comm. on Juvenile Justice & Family Issues, Bill Analysis, Tex. H.B. 655, 74th Leg., R.S. (1995). Based on the nonsubstantive nature of the amendment, the amended statute's language explicitly empowering the trial court to award attorney's fees, and the use of passive voice in section 42.29, the dissent argues that the phrase "may be awarded" found in section 42.29 similarly vests the trial court with the discretion to award attorney's fees.

---

[7] The current version of section 106.002 provides, in relevant part, as follows: "the court may render judgment for reasonable attorney's fees and expenses . . . ."

Tex. Fam. Code Ann. § 106.002 (West Supp. 2005).

The dissent's reliance on this statute is misplaced. In its analysis, the dissent ignores one of the tenets of statutory construction: to interpret the statute as a whole and give effect to every part. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). Even prior to the amendment, former section 11.18(a) specifically vested the discretion to issue attorney's fees with the trial court. The sentence authorizing imposition of attorney's fees as "costs" comes immediately after the sentence allowing the trial "court" to award "costs." *See* Act of May 31, 1981, 67th Leg., R.S., ch. 355, § 3, 1981 Tex. Gen. Laws 942, 944. Therefore, the statute's subsequent amendment is no indication that the phrase "may be awarded," regardless of the subject of the statute, always vests trial courts with the discretion to award fees.

Moreover, even if we were to employ the dissent's compartmentalized analysis of this statute, the phrase relied upon by the dissent in former section 11.18 ("[r]easonable attorney's fees may be taxed") also has the same structural distinction from section 42.29 discussed previously in relation to section 41.003 of the civil practice and remedies code. Specifically, the subject of the sentence in former section 11.18 is attorney's fees, not litigants or parties. Further, unlike section 42.29, former section 11.18 does not mention litigants, parties, or defendants in the entire subsection.

In its analysis, the dissent also comments on the fact that one of the statutes analyzed in one of the cases cited by the *Kimbrough* court for the distinction at issue in this case has been superseded. *See* 631 S.W.2d at 609 (citing *Woods v. Littleton*, 554 S.W.2d 662 (1977)). In *Woods*, the supreme court construed the language "each consumer who prevails may obtain: (1) three times the amount of actual damages plus court costs . . . ." found in section 17.50(b) of the business and commerce code to mean that the legislature intended that the award of treble damages was mandatory upon establishment of all necessary prerequisites. 554 S.W.2d at 669-70. The statute has

19

been amended to allow the imposition of damages up to three times the amount of economic damages if the trier of fact determines the defendant acted knowingly. *See* Bus. & Com. Code Ann. § 17.50(b)(1) (West 2002); *see also Horta v. Tennison*, 671 S.W.2d 720, 724 (Tex. App.—Houston [1st Dist.] 1984, no writ.) (noting that, under previous version, imposition of treble damages was mandatory). The fact that the statute has been amended to place the discretion of issuing an award of damages in the hands of the trier of fact does not detract from the supreme court's conclusion that the language of the original statute was mandatory.

Accordingly, we hold that, upon request by a prevailing party under section 42.25, an award of reasonable attorney's fees is mandatory under section 42.29. Because Aaron Rents made a request for attorney's fees, the district court abused its discretion in failing to award reasonable attorney's fees. Therefore, we sustain Aaron Rents's second issue on appeal.

## CONCLUSION

Having overruled Aaron Rents's first issue on appeal, we affirm that portion of the district court's judgment. Having sustained Aaron Rents's second issue on appeal, we reverse that portion of the judgment of the district court and remand the case for proceedings consistent with this opinion.

_____
David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith, Patterson, Puryear, Pemberton and Waldrop

Affirmed in Part; Reversed and Remanded in Part

Filed:   September 8, 2006