ACCEPTED
04-14-00734-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/25/2015 2:45:51 PM
KEITH HOTTLE
CLERK

04-14-00734-CV

IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT OF TEXAS
SITTING AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/25/2015 2:45:51 PM
KEITH E. HOTTLE
Clerk

SANDRA SAKS, LEE NICK MCFADIN, III
and MARGARET LANDEN SAKS,

Appellants,

v.

BROADWAY COFFEEHOUSE, LLC,

Appellee.

On appeal from District Court, 73rd Judicial District, Bexar County, Texas
Honorable Antonia Arteaga, presiding

APPELLANTS' MOTION FOR REHEARING EN BANC

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Now come, Sandra Saks ("Sandy"), Lee Nick McFadin, III ("McFadin") and Margaret Landen Saks ("Landen"), collectively ("Movants"), and file this motion for rehearing en banc pursuant to TRAP Rule 49, and in support of their motion they would show:

1      On October 28, 2015, the Court entered a Memorandum Opinion and Judgment affirming the Judgment of the trial court in Cause No. 2013-CI-17001.

1

Movants respectfully submit that the Court erred in affirming the award of attorney's fees to Broadway Coffeehouse and Marcus Rogers, as Trustee for the Saks Children Trust.

Broadway Coffeehouse sought and was granted partial summary judgment on its claims for: (1) determination of title to the property pursuant to TRCP Rule 760, (2) partition under Section 23.001 of the Texas Property Code, and (3) winding up and termination of the partnership pursuant to Sections 11.051(4) and 11.057(c) of the Texas Business Organizations Code. (CR1 106-136). None of these causes of action provided for an award of attorney's fees, and the summary judgment did not grant any motion for declaratory relief or award any attorney's fees.

On August 7, 2014, Judge Larry Noll signed an Order Granting Partial Summary Judgment, which decreed that Coffeehouse owned 25% and Marcus Rogers, as interim trustee of ATFL&L, owned 75% of the subject property including real estate and partnership known as 5321 Broadway Partners. The Order also decreed that the remaining Defendants did not own any interest in the Property or the Partnership. Finally, the Order decreed that the Property be sold in a manner to be determined by the Court. (CR2 369-372). The summary judgment

was incorporated into the Judgment.  (CR2 437-443).

5      All of the summary judgment relief was based on Broadway Coffeehouse's suit to quiet title, suit for termination and winding up of the partnership, and suit for partition.  None of the summary judgment relief was based on any claim for declaratory judgment, which was not requested.

6      Marcus Rogers, as Trustee for the Saks Children Trust, neither sought nor was granted partial summary judgment.  Marcus Rogers, as Trustee, filed his cross-claim after partial summary judgment.  (CR2 373-374).

7      Neither Broadway Coffeehouse nor Marcus Rogers, as Trustee for the Saks Children Trust, sought or were granted damages.    (CR2 437-443).

8      Neither Broadway Coffeehouse nor Marcus Rogers, as Trustee for the Saks Children Trust, sought or were granted summary judgment relief under the Uniform Declaratory Judgment Act ("UDJA").  (CR2 369-372).

9      The Movants did not file counterclaims or seek affirmative relief.  (CR1 64-67, 72-75).

10     The Judgment of the trial court expressly granted the partial summary judgment relief and awarded attorney's fees to Broadway Coffeehouse and Marcus Rogers, as Trustee for the Saks Children Trust, but it did not expressly grant relief under the UDJA.  The Judgment of the trial court denied all relief not expressly

granted. (CR2 437-443).

Argument

Movants assert that the trial court Judgment, which was affirmed by this Court, awarded attorney's fees in error without citing any legal authority for such award. Neither the summary judgment nor the final judgment expressly granted a declaratory judgment, which was the only arguable basis for an award of attorney's fees.

Generally, a party may not recover attorney's fees unless authorized by statute or contract. *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 915 (Tex. 2015). Broadway Coffeehouse's amended petition and Marcus Rogers, Trustee's cross-claim claimed an award of attorney's fees pursuant to TCP&RC Section 37.009.

Movants submit that this case is a suit to quiet title, partition real estate and terminate and wind up a partnership, for which attorney's fees are not recoverable. However, Coffeehouse and Marcus Rogers, Trustee, improperly asserted a superfluous claim under the Declaratory Judgment Act solely as a vehicle for claiming attorney's fees after Coffeehouse received a partial summary judgment, not including its claim for declaratory judgment. The partial summary judgment was not a final order. See gen. *Lehmann v. Harbour Title Company*, 39 S.W.3d 91 (Tex. 2001).

4

Neither Coffeehouse nor Marcus Rogers, Trustee, requested declaratory relief in the motion for partial summary judgment or the final judgment. Then, both parties claimed awards of attorney's fees without stating any basis. Likewise, the final judgment awarded attorney's fees without stating a basis.

The Declaratory Judgment Act "provides an efficient vehicle for parties to seek a declaration of rights under certain instruments." *I-10 Colony, Inc. v. Lee,* 393 S.W.3d 467, 475 (Tex.App.-Houston [14th Dist.] 2013, pet filed). A party may not artfully plead a title dispute as a declaratory judgment action. *Id.*

In 2009, the Texas Supreme Court stated as follows: "Yet while declaratory relief may be obtained under the Act in all these circumstances, that does not mean attorney's fees can too. Texas has long followed the " American Rule" prohibiting fee awards unless specifically provided by contract or statute. By contrast, the Declaratory Judgments Act allows fee awards to either party in all cases. If repleading a claim as a declaratory judgment could justify a fee award, attorney's fees would be available for all parties in all cases. That would repeal not only the American Rule but also the limits imposed on fee awards in other statutes. Accordingly, the rule is that a party cannot use the Act as a vehicle to obtain otherwise impermissible attorney's fees." *MBM Financial Corporation v. The Woodlands Operating Company, L.P.* 292 S.W.3d 660, 669 (Tex. 2009).

"The Act was originally " intended as a speedy and effective remedy" for settling disputes before substantial damages were incurred. It is " intended to provide a remedy that is simpler and less harsh than coercive relief, if it appears that a declaration might terminate the potential controversy." But when a claim for declaratory relief is merely tacked onto a standard suit based on a matured breach of contract, allowing fees under Chapter 37 would frustrate the limits Chapter 38 imposes on such fee recoveries. And granting fees under Chapter 37 when they are not permitted under the specific common-law or statutory claims involved would violate the rule that specific provisions should prevail over general ones. While the Legislature intended the Act to be remedial, it did not intend to supplant all other statutes and remedies." *Id*., at 670.

In the instant case, as in the *Woodlands* case, the plaintiff recovered no damages on its claims, so it could not recover attorney's fees under the American Rule. Allowing it to recover the same fees under Chapter 37 would frustrate the provisions and limitations of the American Rule. Accordingly, Broadway Coffeehouse and Marcus Rogers, as Trustee for the Saks Children Trust, cannot recover attorney's fees under the Declaratory Judgments Act. *Id*.

Movants submit that Broadway Coffeehouse's amended motion for partial summary judgment did not request a declaratory judgment, and neither the Order

6

Granting Partial Summary Judgment nor the Judgment addressed the cause of action for declaratory judgment. Summary judgment cannot be granted except on the grounds expressly presented in the motion. *Stephens and Johnson Operating Co. v. Schroeder,* No. 04-14-00167-CV (Civ.App. - San Antonio August 2015) citing TEX. R. CIV. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997); McConnell, 858 S.W.2d at 341 (Tex. 1993). In determining whether grounds are expressly presented, reliance may not be placed on the briefs or summary judgment evidence. *Stephens and Johnson Operating Co. v. Schroeder,* supra, citing *McConnell v. Southside Indep. Sch. Dist*., 858 S.W.2d 337 at 341 (Tex. 1993); *Torres v. Garcia*, No. 04-11-00822-CV, 2012 WL 3808593, at \*5 (Tex. App.—San Antonio 2012, no pet.) (mem. op.). Accordingly, "[s]pecific grounds for summary judgment must be expressly stated in the motion for summary judgment itself and not ... in the summary judgment evidence...." *McConnell*, 858 S.W.2d, supra, at 344; *Torres,* 2012 WL 3808593, supra, at \*5. Therefore, a party's request for attorney fees and the grounds supporting this request must be expressly statedin the motion before a court may award summary judgment on the stated grounds. *McConnell,* 858 S.W.2d, supra, at 341; *Torres,* 2012 WL 3808593, supra, at \*5.

Review of the Coffeehouse and Rogers, Trustee, parties' motion for summary judgment and supplemental motion for summary judgment reveal there is no request for, or statement of any ground for, declaratory judgment or the recovery of attorneys' fees. The motions are completely silent on the issue and address only the request to quiet title, terminate and wind up of the partnership, and for partition relief. Therefore, Appellants submit that this Court erred in finding a basis for awarding attorney's fees to Coffeehouse and Marcus Rogers, Trustee. *Stephens & Johnson Operating Co. v. Schroeder,* supra at 13.

Movants submit that the cause of action for declaratory judgment was not an independent claim for affirmative relief because Broadway Coffeehouse and Marcus Rogers, as Trustee's declaratory judgment claims did not include any substantial relief that was not recoverable under the causes of action to quiet title, for partition of real property, and for termination of the partnership. Instead, Coffeehouse and Marcus Rogers, Trustee asserted their declaratory judgment causes of action as a ploy to recover attorney's fees. It is improper to use the Declaratory Judgment Act to settle a land title dispute and seek an award of attorney's fees. *Bardfield v. Holland*, 844 S.W.2d 759, 771 (Tex.App.-Tyler 1992, writ den.).

The Declaratory Judgment Act cannot be coupled with another action for

the sole purpose of seeking attorney's fees not otherwise available. *Aaron Rents, Inc. v. Travis Central Appraisal Dist.*, 212 S.W.3d 665 (Tex.App.-Austin 2006, no pet.) (relief denied where the requested declaratory relief was redundant to the relief sought under the tax code, with the exception of a request for attorney's fees); *Cytogenix, Inc., v. Waldroff*, 213 S.W.3d 479, 490 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (finding that a trial court abuses its discretion in awarding attorney's fees under the UDJA if the claim for declaratory relief is brought solely for the purpose of obtaining attorney's fees).

Additionally and alternatively, the Judgment did not expressly grant Coffeehouse or Marcus Rogers, Trustee's requested declaratory judgment or any relief pursuant to TCP&RC Section 37.009. To wit, the Judgment does not even mention Coffeehouse and Marcus Rogers, Trustee's requests for a declaratory judgment or make any express findings as to declaratory relief as an independent cause of action. Movants submit that Coffeehouse and Marcus Rogers, Trustee may not recover attorney's fees pursuant to TCP&RC Section 37.009 because they did not claim an independent cause of action for declaratory judgment that was granted. *Morton v Timarron Owners Association, Inc.,* No. 02-13-00409-CV (Civ.App. - Fort Worth [Second District] June 12, 2014).

The Judgment of the trial court states that "[A]ll relief requested by any

party and not expressly granted herein is hereby denied. This is intended to be a final, appealable judgment which disposes of all claims and parties." Therefore, Movants submit that because the Judgment did not expressly grant a declaratory judgment, and it stated that all relief requested by a party and not expressly granted was denied, the Judgment denied Broadway Coffeehouse and Marcus Rogers, as Trustee's requests for declaratory judgment. As a result, there was no statutory basis for an award of attorney's fees, and the trial court awarded attorney's fees to Coffeehouse and Marcus Rogers, Trustee, in error.

Additionally and alternatively, Movants submit that Broadsay Coffeehouse and Marcus Rogers, as Trustee, did not segregate their fees among the various causes of action for suit to quiet title, declaratory judgment, permanent injunction, suit for termination and winding-up of the partnership, and partition. To wit, Broadway Coffeehouse's attorney testified that she did not attempt to segregate her fees among the various causes of action or allocate the fees among the various Defendants. [RR1 24, lines 16-25, page 25, lines 1-5] Therefore, Movants respectfully submit that it was an abuse of discretion for the trial court to award of attorney fees based on unsegregated fees under the facts and circumstances of this case. *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 314 (Tex. 2006).

Furthermore, Broadway Coffeehouse did not allocate its fees among the

various Defendants regarding fees that were not segregated by time spent on the causes of action including suit to quiet title, declaratory judgment, permanent injunction, suit for termination and winding-up of the partnership, and partition.

Therefore, Movants respectfully submit that Coffeehouse and Marcus Rogers, as Trustee, should not have been awarded attorney's fees because they failed to plead an independent cause of action for declaratory judgment, and the Judgment did not expressly grant a declaratory judgment. Alternatively, Broadway Coffeehouse and Marcus Rogers, as Trustee, failed to segregate or allocate its fees among the various claims and parties. A trial court may not take judicial notice of the attorney fees under section 37.009. *Dickey v. McComb Dev. Co*., 115 S.W.3d 42, 46 (Tex. App.-San Antonio 2003, no pet.) (holding that when a claim for fees does not fall under Section 38.001 of the Texas Civil Practice and Remedies Codes, the trial court may not take judicial notice of attorney fees).

## CONCLUSION AND PRAYER

WHEREFORE, Movants respectfully request rehearing en banc on the issue of attorney's fees pursuant to TRAP Rule 49. Movants request the Court to set aside its Judgment and reverse the trial court Judgment awarding attorney's fees. Movants also request such further relief to which they may be justly entitled.

Respectfully submitted,

/s/ Philip M. Ross
Philip M. Ross
State Bar No. 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com
ATTORNEY FOR APPELLANTS
SANDY SAKS, LEE NICK MCFADIN, III
AND MARGARET LANDEN SAKS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been e-filed and served on November 25, 2015 by email pursuant to agreement to Paul T. Curl and Royal B. Lea, III.

/s/ Philip M. Ross
Philip M. Ross