# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## JAMES TOWNSHIP v RICE

Docket No. 163053. Argued April 6, 2022 (Calendar No. 1). Decided June 22, 2022.

James Township filed a nuisance action in the 70th District Court against Daniel Rice, alleging that Rice had violated the township's blight ordinance as well as the Michigan Residential Code by having junk cars, unpermitted construction, and fences of an improper height on his property. Rice moved to dismiss the portions of the citation related to the improper height of his fence and the unpermitted construction, arguing that, under the Right to Farm Act (RTFA), MCL 286.471 *et seq.*, the township was prohibited from enforcing against farms or farm operations local ordinances governing those structures. The township opposed the motion, arguing that the property was not protected by the RTFA because it had not previously been used for farming. Following a hearing on the motion, the district court, Elian E. H. Fichtner, J., found that Rice's use of the property constituted a "farm" or "farm operation" for purposes of the RTFA and that the RTFA was an affirmative defense to those portions of the civil citation. The district court dismissed the specified portions of the citation and denied the parties' individual requests for costs and fees. Rice moved for reconsideration, arguing that, under MCL 286.473b, he was entitled to costs and expenses, as well as reasonable and actual attorney fees; the district court denied the motion. The district court later dismissed the remaining portions of the citation and dismissed the action with prejudice. Rice appealed in the Saginaw Circuit Court the district court order denying costs and fees; the circuit court, Andre R. Borrello, J., affirmed the district court's order. The Court of Appeals thereafter denied Rice's application for leave to appeal the circuit court's order. In lieu of granting leave to appeal, the Michigan Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 505 Mich 1038 (2020). On remand, in an unpublished per curiam opinion issued on May 27, 2021 (Docket No. 349558), the Court of Appeals, JANSEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ., affirmed the circuit court's legal conclusions, holding that an award of costs, expenses, and fees was not mandatory under MCL 286.473b, but the Court of Appeals remanded the case to the district court for articulation of the district court's reasons for the discretionary denial. Rice sought leave to appeal, and the Supreme Court granted Rice's application. 508 Mich 951 (2021).

In an opinion by Justice ZAHRA, joined by Chief Justice MCCORMACK and Justices VIVIANO, BERNSTEIN, CLEMENT, and CAVANAGH, the Supreme Court *held*:

Under MCL 286.473b of the RTFA, a prevailing farm or farm operation is entitled to its actual costs and expenses reasonably incurred, together with reasonable and actual attorney fees, when the farm or farm operation requests those costs, expenses, and fees. Once the prevailing farm or farm operation makes the request for costs, expenses, and attorney fees, the trial court does not have discretion whether to award the requested costs, expenses, and attorney fees but, rather, has discretion only as to the amount to be awarded. Rice requested his costs, expenses, and fees, and he was entitled to them as the prevailing farm or farm operation in the nuisance action. The judgment of the Court of Appeals was reversed, and the case was remanded to the district court for it to determine the amount of actual costs and fees that were reasonably incurred by Rice in defending the RTFA action as well as the amount of his reasonable and actual attorney fees.

1. The RTFA was enacted to protect farmers from nuisance suits. Relevant here, MCL 286.473b provides that in any nuisance action brought in which a farm or farm operation prevails, the defendant farm or farm operation may recover from the plaintiff the actual amount of costs and expenses determined by the court to have been reasonably incurred by the farm or farm operation in connection with the defense of the action, together with reasonable and actual attorney fees. To establish an affirmative defense to a nuisance action, a defendant must prove that (1) the challenged condition or activity constitutes a "farm" or "farm operation" and (2) the farm or farm operation conforms to generally accepted agricultural and management practices. To protect farms and farm operations, MCL 286.474(6) provides that a farmer's activities falling within the purview of the RTFA cannot be barred by local ordinances; in that way, the provision preempts local ordinances.

2. Michigan follows the general "American rule" with regard to the award of attorney fees and costs. Under that rule, attorney fees and costs are generally not recoverable unless a statute, court rule, or common-law exception so allows. The purpose of MCL 286.473b is to modify the general American rule. Under the RTFA, a defendant farm or farm operation may recover the actual amount of costs and expenses determined by the court to have been reasonably incurred in connection with its defense of the action, together with the reasonable and actual attorney fees; thus, a prevailing farm or farm operation is entitled to the actual amount of costs and expenses reasonably incurred, together with reasonable and actual attorney fees, when so demanded. The word "may" is generally permissive, and as used in MCL 286.473b, it grants discretion to the prevailing farm or farm operation, not to the trial court; said differently, the statute states that the prevailing farm or farm operation "may recover" those expenses, costs, and attorney fees, not that the trial court may award them. As discussed in *Bocquet v Herring*, 972 SW2d 19 (Tex, 1998), and *Aaron Rents, Inc v Travis Central Appraisal Dist*, 212 SW3d 665 (Tex App, 2006), statutes providing that a court "may award attorney fees" afford a trial court discretion in deciding whether to award attorney fees. In contrast, when a statute provides that a party "may recover" such fees, the award is not discretionary. Accordingly, MCL 286.473b bestows the entitlement to recover costs, expenses, and attorney fees to the prevailing farm or farm operation. Thus, *when requested* by a prevailing farm or farm operation, an award of costs, expenses, and fees under MCL 286.473b is not discretionary. While the trial court does not have discretion to decline to award the actual costs and fees reasonably incurred, it does have discretion to determine the amount of costs and fees that were reasonably incurred by the prevailing farm or farm operation, as well as the amount of the prevailing farm or farm operation's reasonable and actual attorney fees.

3.  In this case, Rice was the prevailing farm or farm operation in the nuisance action brought by the township, and under MCL 286.473b, he was entitled to recover the costs and expenses he reasonably incurred, as well as his reasonable and actual attorney fees.  The Court of Appeals judgment was reversed because it erred when it concluded that the district court had discretion under the statute to deny Rice's request for costs, expenses, and attorney fees.  Once Rice made that request, the district court possessed discretion only as to the amount of costs, expenses, and fees to be awarded.  The case was remanded to the district court for it to determine that amount.

Court of Appeals judgment reversed; case remanded to the district court for further proceedings.

Justice WELCH, dissenting, disagreed with the majority's interpretation of MCL 286.473b as granting the prevailing farm or farm operation discretion to request recovery of the specified costs, expenses, and attorney fees and as only allowing a trial court discretion to determine the amount of the award.  The majority's interpretation of the statute was inconsistent with the Supreme Court's and the Legislature's longstanding approach to the recovery of attorney fees.  Under MCL 600.2405, Michigan's general costs provision, the items listed may be taxed and awarded as costs and attorney fees can be taxed only when authorized by statute or court rule.  Thus, an award of attorney fees to the prevailing litigants is the exception rather than the rule in Michigan.  Moreover, the Legislature uses express terms when it has created a right to receive attorney fees, which are not present in MCL 286.473b.  Further, the majority's interpretation of the statute eroded the power of trial courts to weigh the facts before them in determining whether a party is even entitled to have a fee award considered.  Justice WELCH would have held that the "may recover" language in the statute (1) authorizes a prevailing farm or farm operation to request the award of attorney fees and (2) grants the trial court discretion to decide whether an award is warranted under the facts and, if so, the amount to be awarded.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED  June 22, 2022

STATE OF MICHIGAN

SUPREME COURT

JAMES TOWNSHIP,

      Plaintiff-Appellee,

v

No. 163053

DANIEL RICE,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

ZAHRA, J.

At issue is whether defendant, Daniel Rice, a prevailing farm or farm operation under the Right to Farm Act (RTFA),[1] is entitled to costs, expenses, and attorney fees under MCL 286.473b of the act, which provides, in pertinent part, that in a nuisance action, a prevailing farm or farm operation "may recover from the plaintiff the actual amount of

---

[1] MCL 286.471 *et seq*.

costs and expenses determined by the court to have been reasonably incurred by the farm or farm operation in connection with the defense of the action, together with reasonable and actual attorney fees." The Court of Appeals affirmed the circuit court's legal conclusion that the term "may," as used in MCL 286.473b, afforded the district court the complete discretion to award defendant costs, expenses, and attorney fees, but the Court remanded the case to the district court to articulate the reasons for its decision not to award them.[2]

We disagree with the Court of Appeals and, instead, hold that MCL 286.473b of the RTFA entitles a prevailing farm or farm operation to the actual amount of costs and expenses reasonably incurred in connection with the defense of the action, together with reasonable and actual attorney fees, when so demanded. While the term "may" is ordinarily considered to be permissive, meaning that its use in MCL 286.473b gives discretion rather than imposing a mandatory condition, the statute gives that discretion to the prevailing farm or farm operation, not to the court. MCL 286.473b does not say that the court "may award" costs, expenses, and fees should the farm or farm operation prevail but that the prevailing farm or farm operation "may recover" them. Because defendant, as the prevailing farm or farm operation, exercised his discretion by seeking to recover costs, expenses, and fees, the district court is required to award the costs, expenses, and fees provided for in MCL 286.473b. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the district court for it to determine the amount of actual

---

[2] *James Twp v Rice*, unpublished per curiam opinion of the Court of Appeals, issued May 27, 2021 (Docket No. 349558), pp 1-3.

costs and fees that were reasonably incurred by defendant in defending the RTFA action, as well as the amount of defendant's reasonable and actual attorney fees.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff, James Township, filed a municipal civil-infraction citation against defendant on June 12, 2018, alleging violations of the township's blight ordinance and the Michigan Residential Code because of junk, junk cars, unpermitted construction on an adjacent building, and improper fence height on defendant's property. Defendant moved to dismiss those portions of the citation addressing his fencing and unpermitted construction on the ground that the RTFA prohibited enforcement of local ordinances governing such structures. In its responsive brief, plaintiff contended that the property was not protected by the RTFA because it had not previously been used for farming.

After a hearing, the district court issued an opinion and order on September 26, 2018, finding that defendant's use of the property constituted a "farm" or "farm operation" under the RTFA and that the RTFA was therefore an affirmative defense to those portions of the citation challenging defendant's unpermitted construction and fence-height violations. The district court ordered that those components of the citation be dismissed. The court then denied both parties' requests for costs and fees, stating that "the court acknowledges that both parties requested sanctions including costs and fees to be imposed in this matter. The court is denying sanctions as to both parties." Defendant moved for reconsideration of the costs-and-fees portion of the district court's order, arguing that the plain language of MCL 286.473b requires the award of costs and expenses "reasonably incurred by the farm or farm operation in connection with the defense of the action, together

3

with reasonable and actual attorney fees." The district court denied defendant's motion for reconsideration. The district court subsequently conducted a hearing on the remaining portions of the citation, after which it dismissed the matter with prejudice and closed the case.

Defendant appealed in the circuit court the district court's order denying costs and fees, and the circuit court affirmed the district court's decision. Defendant then appealed that decision in the Court of Appeals, and the Court of Appeals denied leave for lack of merit in the grounds presented. Defendant filed an application in this Court, and pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remanded the case to the Court of Appeals for consideration as on leave granted.[3] On remand, the Court of Appeals affirmed the circuit court's legal conclusions in an unpublished per curiam opinion, agreeing with the circuit court that "the term 'may,' as used in MCL 286.473b, afforded the district court discretion whether to award defendant attorney fees and costs."[4] The panel nevertheless remanded the case to the district court for it to articulate the reasons for its discretionary decision to decline to award costs and fees.

Defendant filed an application for leave to appeal in this Court. We granted the application to consider whether the statutory language in MCL 286.473b "providing that a 'farm or farm operation may recover from the plaintiff the actual amount of costs and expenses . . .' entitles a successful farm or farm operation under the statute to recover costs

---

[3] *James Twp v Rice*, 505 Mich 1038 (2020).

[4] *James Twp*, unpub op at 2.

and expenses, or whether the award of costs and expenses is subject to the discretion of the trial court."[5]

## II. STANDARD OF REVIEW AND APPLICABLE RULES OF STATUTORY INTERPRETATION

This Court reviews de novo questions of statutory interpretation.[6] "The role of this Court in interpreting statutory language is to ascertain the legislative intent that may reasonably be inferred from the words in a statute."[7] Our analysis must focus on "the statute's express language, which offers the most reliable evidence of the Legislature's intent. When the statutory language is clear and unambiguous, judicial construction is limited to enforcement of the statute as written."[8]

## III. ANALYSIS

"The RTFA was enacted to protect farmers from nuisance lawsuits."[9] The RTFA provides an affirmative defense to a nuisance action if a defendant can prove two conditions: (1) the challenged condition or activity constitutes a "farm" or "farm operation" and (2) the farm or farm operation conforms to the generally accepted agricultural and

---

[5] *James Twp v Rice*, 508 Mich 951 (2021).

[6] *Sanford v Michigan*, 506 Mich 10, 14-15; 954 NW2d 82 (2020) (quotation marks omitted).

[7] *Id*. at 14-15 (quotation marks and citation omitted).

[8] *Id*. at 15 (quotation marks and citation omitted).

[9] *Williamstown Twp v Hudson*, 311 Mich App 276, 290; 874 NW2d 419 (2015) (quotation marks and citation omitted).

management practices.[10]  In addition, the RTFA was amended, effective March 10, 2000, to include MCL 286.474(6), which preempts local ordinances such that a farmer's activities falling within the purview of the act cannot be barred by ordinance.[11]

Under the general "American rule," attorney fees and costs are ordinarily not recoverable unless a statute, court rule, or common-law exception so allows.[12]  With MCL 286.473b, the RTFA provides such a statute with respect to the award of costs, expenses, and attorney fees.  The statute states:

> In any nuisance action brought in which a farm or farm operation is alleged to be a nuisance, if the defendant farm or farm operation prevails, the farm or farm operation may recover from the plaintiff the actual amount of costs and expenses determined by the court to have been reasonably incurred by the farm or farm operation in connection with the defense of the action, together with reasonable and actual attorney fees.[13]

Because defendant invoked the protections of the RTFA and successfully defended the nuisance action that the township brought against him, he is considered a prevailing farm or farm operation for purposes of MCL 286.473b.  The question presented in this case is whether the phrase "may recover," as used in this statute, entitles defendant to recover the actual amount of costs and expenses reasonably incurred in connection with the defense of

---

[10] *Lima Twp v Bateson*, 302 Mich App 483, 496; 838 NW2d 898 (2013).

[11] *Id*. at 493; 1999 PA 261.

[12] *Dessart v Burak*, 470 Mich 37, 42; 678 NW2d 615 (2004).

[13] MCL 286.473b.

6

the action, together with reasonable and actual attorney fees, or whether the award of those costs, expenses, and fees is entirely subject to the discretion of the trial court.

We agree with defendant that, under MCL 286.473b, a prevailing farm or farm operation is entitled to the actual amount of costs and expenses reasonably incurred, together with reasonable and actual attorney fees, when so demanded. In concluding to the contrary, the Court of Appeals primarily focused on the discretionary nature of the term "may." We acknowledge that the term "may" is ordinarily considered to be permissive.[14] The use of that term in MCL 286.473b therefore gives discretion, rather than imposing a mandatory condition. But this does not end the inquiry because it is necessary to ascertain to whom the statute gives that discretion. And MCL 286.473b gives that discretion to the prevailing farm or farm operation, not to the trial court. That is, MCL 286.473b does not say that the court "may award" costs, expenses, and fees but that the prevailing farm or farm operation "may recover" them.[15] There are only two contingencies in the statute: (1)

---

[14] See *In re Bail Bond Forfeiture*, 496 Mich 320, 328; 852 NW2d 747 (2014) ("While the term 'may' is permissive, not mandatory, the term 'shall,' as discussed, is a 'mandatory term, not a permissive one[.]' ") (citation omitted); *Manuel v Gill*, 481 Mich 637, 647; 753 NW2d 48 (2008) ("In general, our courts have said that the term 'may' is 'permissive,' as opposed to the term 'shall,' which is considered 'mandatory[.]' ") (citation omitted).

[15] Contrast MCL 286.473b's use of the word "may" in relation to the recovery of costs, expenses, and fees with the language of MCL 15.240(6) of the Freedom of Information Act, MCL 15.231 *et seq.*, which provides, "If the person or public body prevails in part, the *court may, in its discretion, award* all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements." (Emphasis added.) That statute also uses the word "may," but it nonetheless makes clear that the discretion to award fees and costs rests entirely with the court. If the Legislature intended for the court to maintain the discretion to decline to award fees for any reason in the RTFA, it could have used language similar to MCL 15.240(6) and stated that, if a farm or farm operation prevails under the act, "*the court may award* the actual amount of costs and expenses determined by the court to have been

7

the filing of "any nuisance action . . . in which a farm or farm operation is alleged to be a nuisance" and (2) "the defendant farm or farm operation prevails[.]"[16]  The statute does not impose an additional contingency of whether the court chooses to grant the requested relief.  Instead, the phrase "may recover" in MCL 286.473b entitles the prevailing farm or farm operation to recover what the statute permits: the actual amount of costs and expenses reasonably incurred in connection with the defense of the action, together with reasonable and actual attorney fees.

While there are no binding Michigan cases directly on point,[17] we find persuasive the reasoning of a pair of cases from Texas.  In *Bocquet v Herring*,[18] the Supreme Court of Texas interpreted a state statute providing that "the court may award costs and reasonable

reasonably incurred by the farm or farm operation in connection with the defense of the action, together with reasonable and actual attorney fees."

[16] MCL 286.473b.

[17] Our decision in *Lane v Ruhl*, 103 Mich 38; 61 NW 347 (1894), is consistent with today's decision.  There, the prevailing plaintiff sought an award of treble damages under How Stat 8306, which provided that certain prevailing plaintiffs in trespass actions "may recover treble damages . . . ."  *Id*. at 39.  The trial court denied treble damages because the jury "found that defendant held possession because he in good faith believed that he had a lawful right so to do."  *Id*.  On appeal, we held that the plaintiff was entitled to treble damages.  While we did not perform a detailed analysis of the statute's text, we rejected the defendant's contention that the jury finding should be dispositive because "to hold that the language of this section applies only to exceptional cases arising under the act would be to import something into the statute which is at variance with its evident meaning."  *Id*. at 43.

[18] *Bocquet v Herring*, 972 SW2d 19, 20 (Tex, 1998).

and necessary attorney's fees as are equitable and just."[19]  It held that the statute "does not require an award of attorney fees to the prevailing party" because "it provides that the court 'may' award attorney fees," meaning "[t]he statute . . . affords the trial court a measure of discretion in deciding whether to award attorney fees or not."[20]  The Court expressly contrasted this with "[s]tatutes providing that a party 'may recover', 'shall be awarded', or 'is entitled to' attorney fees," in which case, the award is "not discretionary."[21]  In *Aaron Rents, Inc v Travis Central Appraisal Dist*,[22] the Court of Appeals of Texas further fleshed out *Bocuqet*'s reasoning as follows:

> [T]he determination of whether a statute requires the imposition of attorney's fees or vests the trial court with the discretion to decide does not depend exclusively on whether the statute uses the word "may" or "shall."  *Cf. Bocquet*, 972 S.W.2d at 20.  Under the current state of the law, the determination primarily depends on whether the legislature has bestowed a power to trial courts or an entitlement to litigants.
>
> In *Bocquet*, the supreme court distinguished between statutes that vest a trial court with the discretion to award attorney's fees and statutes that require the court to award attorney's fees.  See *id*.; *compare* Tex. Fam. Code Ann. § 106.002 (West Supp. 2005) (court may render judgment for reasonable attorney's fees), *with* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 1997) (person may recover attorney's fees).  Statutes providing that a "court may award" attorney's fees grant courts a measure of discretion in awarding attorney's fees, but statutes providing that a "party may recover," "party shall be awarded," or "party is entitled to" attorney's fees mandate an award of fees that are reasonable and necessary.  See *Bocquet*, 972 S.W.2d

---

[19] Tex Civ Prac & Rem Code Ann 37.009.

[20] *Bocquet*, 972 SW2d at 20 (citations omitted).

[21] *Id*. (citations omitted).

[22] *Aaron Rents, Inc v Travis Central Appraisal Dist*, 212 SW3d 665 (Tex App, 2006).

at 20. The distinction drawn by the supreme court seems to hinge upon whether the statute in question speaks to what the *litigant may receive* or what the *court may award*.[23]

We find the quoted analysis persuasive and equally applicable to this case; MCL 286.473b bestows the entitlement to recover costs, expenses, and attorney fees to the prevailing farm or farm operation.[24] In fact, the language of MCL 286.473b is clearer in granting the prevailing litigant the right to recover costs, expenses, and fees than was the statute at issue in *Aaron Rents*.[25] In short, upon request by a prevailing farm or farm operation, an award of costs, expenses, and fees under MCL 286.473b is mandatory, not discretionary.[26]

Of course, the trial court is not stripped of all discretion under this reading of the statute. The trial court maintains the discretion to determine the amount of costs and fees that were reasonably incurred by the prevailing farm or farm operation, as well as the amount of the prevailing farm or farm operation's reasonable and actual attorney fees. But

---

[23] *Id*. at 671-672 (some citations omitted).

[24] To be clear, we do not suggest that the phrase "may recover" *requires* the prevailing farm or farm operation to recover costs, expenses, and fees; it simply gives them the discretion to do so.

[25] The statute at issue in *Aaron Rents*, Tex Tax Code Ann 42.29(a), provided that a prevailing party "may be awarded reasonable attorney's fees," language that the court struggled to analogize to the types of statutes recognized in *Bocquet* ("court may award" or "party may recover"). At issue in this case is a clear "party may recover" statute.

[26] The dissent calls our holding "hypertextualist" and contrary to "this Court's longstanding approach to the recovery of attorney fees," citing the American rule. But the entire purpose of MCL 286.473b is to modify the general American rule. A reasonable, not "hypertextualist," reading of the statute makes clear that prevailing litigants are entitled to seek recovery of the costs, expenses, and fees set forth therein, an exception to the general rule.

the trial court does not possess the discretion to decline to award those actual costs and fees reasonably incurred, nor to decline the amount of reasonable and actual attorney fees incurred, when requested by the prevailing farm or farm operation.[27]

## IV.  CONCLUSION

We hold that, under MCL 286.473b of the RTFA, a prevailing farm or farm operation is entitled to its actual costs and fees reasonably incurred, together with reasonable and actual attorney fees, when so requested.  While the Court of Appeals remanded this case to the district court on this issue, it did so under the mistaken understanding that the district court maintains complete discretion to deny defendant's request for costs, expenses, and fees.  Instead, the district court possesses the discretion only to determine the amount of actual costs and expenses that were reasonably incurred by defendant, together with the amount of defendant's reasonable and actual attorney fees.  Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the district court for it to determine the amount of actual costs and fees that were reasonably

---

[27] Contrary to the dissent's accusation, this Court's holding does not erode the powers of the trial court.  It is the Legislature, via the language of MCL 286.473b, that grants the prevailing farm or farm operation the right to seek recovery of costs, expenses, and fees, not this Court.  And in making clear that the trial court maintains the discretion to determine the amount of costs and expenses reasonably incurred, as well as the amount of reasonable and actual attorney fees, our holding provides the trial court *greater* discretion than does the dissent's heavily referenced American rule, under which the trial court would possess no discretion whatsoever to award the pertinent costs and fees.  With this in mind, we are unsure what "power" our opinion erodes.

11

incurred by defendant in defending the RTFA action, as well the amount of defendant's reasonable and actual attorney fees.[28]

Brian K. Zahra<br>
Bridget M. McCormack<br>
David F. Viviano<br>
Richard H. Bernstein<br>
Elizabeth T. Clement<br>
Megan K. Cavanagh

---

[28] Plaintiff argues that defendant is entitled to no costs, expenses, or attorney fees, in part because he refused to provide any evidence of a farm or farm operation to the township until the underlying litigation was initiated. But these allegations do not speak to defendant's right under MCL 286.473b to seek recovery of costs, expenses, and attorney fees as the prevailing party. While it might speak to the amount of actual costs and expenses *reasonably incurred* by defendant in connection with his defense of the RTFA action, or potentially the amount of reasonable and actual attorney fees incurred, we take no stance on this issue. This is an issue for the trial court to decide on remand.

JAMES TOWNSHIP,

      Plaintiff-Appellee,

v                                            No. 163053

DANIEL RICE,

      Defendant-Appellant.

_____

WELCH, J. (*dissenting*).

      I respectfully disagree with the majority's interpretation of the cost, expense, and attorney-fee recovery provision of the Right to Farm Act (RTFA), MCL 286.471 *et seq*. The statute provides that "if the defendant farm or farm operation prevails, the farm or farm operation *may recover* from the plaintiff the actual amount of costs and expenses determined by the court to have been reasonably incurred by the farm or farm operation in connection with the defense of the action, together with reasonable and actual attorney fees." MCL 286.473b (emphasis added). The majority concludes that the phrase "may recover" in the statute means that a prevailing defendant has the unilateral right to decide whether it will seek to recover actual costs and expenses, as well as reasonably incurred attorney fees. Under this reading, the trial court has no discretion to determine *whether* a prevailing defendant is entitled to costs and attorney fees and may only calculate the *amount* such defendant is entitled to recover if the defendant chooses to seek recovery under the statute. Thus, the trial court is obligated to award not only the actual costs and expenses, but also reasonable and actual attorney fees, even if that amount is zero. This

hypertextualist interpretation of statutory language is inconsistent with the Legislature's and this Court's longstanding approach to the recovery of attorney fees.

As the majority correctly notes, Michigan follows the "American rule," under which attorney fees are only recoverable when expressly authorized by a statute or court rule. MCL 600.2405(6); see also, e.g., *Haliw v Sterling Hts*, 471 Mich 700, 706-707; 691 NW2d 753 (2005). This is not a blanket guarantee that a party seeking attorney fees will receive them. Michigan's general costs provision, MCL 600.2405, states that the items it lists "*may* be taxed and awarded as costs" and that attorney fees can be taxed only when "authorized by statute or by court rule." MCL 600.2405(6) (emphasis added). See also *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 474; 521 NW2d 831 (1994) ("Under this rule, attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides to the contrary. See MCL 600.2405(6); MSA 27A.2405(6)."). [1]

In Michigan, awarding attorney fees to prevailing litigants is the exception rather than the rule. When the Legislature has created a right to receive attorney fees, it has done so in express terms. See MCL 15.271(4) ("[T]he person shall recover court costs and actual attorney fees for the action."); MCL 28.425(3) (providing that an individual who obtains mandamus relief after having been denied a concealed weapon application kit "shall be awarded his or her actual and reasonable costs and attorney fees"); MCL 500.3148(1)

---

[1] In the context of the costs provision, "[c]osts will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." MCR 2.625(A)(1). Thus, to the extent MCL 286.473b authorizes the taxation of costs and expenses to a prevailing party, the normal procedural and substantive rules applicable to filing a bill of costs and seeking reimbursement would apply. See, e.g., MCR 2.625(A), (F), (G), (K); MCL 600.2405.

("The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."). The "may recover" language appearing in the RTFA has not previously been interpreted by this Court, but our long understanding of "shall" as mandatory and "may" as permissive should compel against interpreting the RTFA's "may recover" language as a mandatory right to recover attorney fees that a plaintiff "may" opt to receive.

With this context in mind, it is my opinion that the costs provision of the RTFA must be read as merely *authorizing* a prevailing farm or farm operation to request the award of attorney fees and that the trial court—not the defendant farm—has discretion to determine whether an award is warranted under the facts and, if so, in what amount. Without that authorization, the American rule would apply and, generally, there would be no common-law or statutory basis for a prevailing farm or farm operation to request attorney fees, much less receive an award. The majority's view that this provision instead vests in a prevailing farm or farm operation the sole discretion to seek and receive attorney fees in some amount (even if zero) is a departure from our longstanding practice of granting our courts discretion to both determine whether an award of attorney fees is appropriate and, if so, how much to award.[2]

_____

[2] The majority's contention that their interpretation provides the trial court greater discretion is perplexing. I agree that the RTFA provides "*greater* discretion than . . . [the] American rule" in that the potential availability of attorney fees is an exception to the general rule that attorney fees cannot be awarded unless authorized. Our disagreement arises from the majority's conclusion that the permissive language of the RTFA grants a prevailing defendant farm a right to reasonable attorney fees on demand, shifting the

As the majority itself acknowledges, its reading of MCL 286.473b creates a bifurcated process. The prevailing farm or farm operation must first decide that it wants to recover attorney fees, and then the trial court must step in to determine the actual and reasonable amounts to which the fee-seeking party is entitled. But it seems a safe bet that these prevailing parties will want to recover their fees. As previously noted, we have well-established procedures in place for the taxation of costs by a prevailing party. Even if the RTFA arguably broadens the scope of what is taxable by using the word "expenses," the majority's holding creates something new and unnecessary when it comes to attorney fees.

The majority's determination that the discretion as to whether fees and costs are awarded lies with the party rather than the court creates what is, at best, a distinction without a difference and, at worst, an erosion of the powers of trial courts to weigh the facts before them in determining whether a party is even entitled to have a fee award considered. Because the majority has departed from the settled rules by which attorney fees are made available, I dissent.

Elizabeth M. Welch

---

discretion from the trial court to the party and restricting the court's discretion as to the amount of the award.

4