**REVERSE, RENDER, REMAND, and AFFIRM; and Opinion Filed August 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01428-CV

### CRAWFORD SERVICES, INC., Appellant
### V.
### SKILLMAN INTERNATIONAL FIRM, L.L.C., Appellee

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-3217**

## OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

In this appeal we are asked to resolve the following question: If a trial court determines that a mechanic's lienholder has a perfected statutory mechanic's lien and is entitled to recover damages for unpaid labor and materials, does the court have discretion to deny the lienholder a judgment of foreclosure and order of sale of the property subject to the lien? The trial court concluded that it did, "given the facts" of this case, and denied the lienholder's request for a judgment of foreclosure of the lien and order of sale of the property subject to the lien. We conclude the trial court erred and reverse and remand.

### BACKGROUND

Crawford Services, Inc. and Skillman International Firm, LLC executed two contracts for Crawford to replace and repair components of the air conditioning system in Skillman's building. Crawford substantially completed its work under the contracts, but Skillman breached the

contracts by failing to pay over $140,000 due Crawford. Crawford filed a mechanic's lien against Skillman's property pursuant to Chapter 53 of the Texas Property Code. *See* TEX. PROP. CODE ANN. §§ 53.001–.260 (West 2007 & Supp. 2014). Then Crawford sued Skillman for breach of contract and to foreclose on the mechanic's lien. Following a bench trial, the court made findings of fact and conclusions of law, including that Skillman owed Crawford for work and materials and that Crawford had perfected its mechanic's lien. The court rendered judgment for Crawford, but denied Crawford's request for a judgment of foreclosure of the mechanic's lien and order of sale of the property subject to the lien. Crawford filed a motion to modify the judgment in which it asked the court for a judgment of foreclosure and order of sale. The trial court denied the motion, and Crawford filed this limited appeal in which it argues that the trial court's interpretation of the statute is wrong. *See* TEX. R. APP. P. 34.6(c)(1).

## STANDARD OF REVIEW AND APPLICABLE LAW

The statute at issue in this case is section 53.154 of the property code, which states:

> A mechanic's lien may be foreclosed only on judgment of a court of competent jurisdiction foreclosing the lien and ordering the sale of the property subject to the lien.

TEX. PROP. CODE ANN. § 53.154. In its conclusion of law, the trial court stated:

> Pursuant to Chapter 53 of the Texas Property Code, the Court has the discretion as to whether or not to grant a judgment of foreclosure and an order of sale to a party who has properly perfected a statutory mechanic's lien and recovered judgment for damages for unpaid labor and materials provided for the improvement of real property; accordingly, the Court exercises said discretion and declines to grant a judgment of foreclosure and an order of sale in this case, given the facts presented in this action.

It is undisputed that section 53.154 is the specific statute forming the basis of the trial court's conclusion.

We review a trial court's interpretation of a statute de novo. *City of Houston v. Bates*, 406 S.W.3d 539, 543 (Tex. 2013). Our primary objective is to give effect to the legislature's

intent when it enacted the statute. *Id*. We start with the text of the statute and presume that the legislature intended what it enacted. *Id*. ("Legislative intent is best expressed by the plain meaning of the text unless the plain meaning leads to absurd results or a different meaning is supplied by legislative definition or is apparent from the context."). We strive "to read the statute contextually, giving effect to every word, clause, and sentence." *In re Office of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013). In our review, we may consider factors such as the object to be attained by the legislation, circumstances under which the statute was enacted, legislative history, and consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023 (West 2013).

**DISCUSSION**

**Mechanic's Liens**

To resolve this issue, we briefly review the history of mechanic's liens. Mechanic's liens did not exist at common law or in equity. *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 246 (Tex. 2002) (Hankinson, J., dissenting). Mechanic's lien laws were enacted because of a desire to protect people and entities who furnished labor and materials for improving the value of another's land. *Id.*; *Strang v. Pray*, 35 S.W. 1054, 1055 (Tex. 1896) ("It was the intention of the members of the convention . . . to give full and ample security to all mechanics, artisans, and material men for labor performed and material furnished for the erection of all buildings and other improvements . . . ."). There are two types of mechanic's liens: constitutional and statutory. The Texas constitution grants a lien to a contractor or supplier who contracts directly with a real property owner to provide labor or materials for improvements to the property. TEX. CONST. art. XVI, § 37 ("Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy

and efficient enforcement of said liens."). And pursuant to the constitutional mandate, the legislature enacted statutes to provide for the speedy and efficient enforcement of mechanic's liens. *See* TEX. PROP. CODE ANN. §§ 53.001–.260; *Delgado*, 95 S.W.3d at 247 (Hankinson, J., dissenting); *Dee's Cabinet Shop, Inc. v. Weber*, 562 S.W.2d 945, 947 (Tex. Civ. App.—Fort Worth 1978, no writ).

The statutory scheme for enforcing constitutional mechanic's liens also granted a statutory lien to contractors and suppliers who did not contract directly with the property owner. TEX. PROP. CODE ANN. § 53.021; *Delgado*, 95 S.W.3d at 247 (Hankinson, J., dissenting); *Hayek v. W. Steel Co.*, 478 S.W.2d 786, 790–91 (Tex. 1972) ("[T]he Legislature continued to provide statutory liens for the protection of persons who were not in privity with the owner . . . . [E]ach of these laws extended the statutory liens to the entire house, building or other improvement, and provided methods for fixing and enforcing the liens."). For that reason, contractors tend to prefer the statutory mechanic's lien procedure over the constitutional lien. *Delgado*, 95 S.W.3d at 247 (Hankinson, J., dissenting).

**Enforcement of Mechanic's Liens**

To enforce a mechanic's lien, the lienholder must file a lawsuit and obtain a judgment from a court of competent jurisdiction foreclosing its constitutional or statutory lien. TEX. PROP. CODE ANN. § 53.158. To prevail on its claim, the lienholder must prove it performed the labor or furnished the materials and the debt is valid. *Wallace Roofing, Inc. v. Benson*, No. 03-11-00055-CV, 2013 WL 6459757, at *12 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.); *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 107 (Tex. App.—San Antonio 2003, pet. denied). In addition, the statutory lienholder must establish it substantially complied with the statutory requirements for perfecting a lien. *First Nat'l Bank in Graham v. Sledge*, 653 S.W.2d 283, 285–86 (Tex. 1983) (statutory lienholder's rights "totally dependent on compliance with the

statutes authorizing the lien"); *see also Delgado*, 95 S.W.3d at 246–47 (Hankinson, J., dissenting) (explaining that, unlike constitutional lienholder, statutory lienholder must comply with statutory notice and filing requirements). Pursuant to the statutory scheme, the trial court (or an arbitrator) determines whether the debt is valid and the lien is perfected. *See Delgado*, 95 S.W.3d at 241 (recognizing that issues in foreclosure suit are whether debt and lien are valid).

It is undisputed here that Crawford established a debt owed by Skillman and perfected its statutory mechanic's lien, but the trial court denied Crawford's request for a judgment of foreclosure of the lien and order of sale of the property. The trial court interpreted the phrase "may be foreclosed" in section 53.154 as giving the court discretion to deny the request for a judgment of foreclosure and order of sale.[1] The parties do not cite, and we have not found, any authority interpreting section 53.154 in this context. Indeed, in every case we reviewed in which the trial court determined that the debt and mechanic's lien were valid, the court rendered a judgment of foreclosure and ordered the sale of the property subject to the lien.

### Parties' Arguments

Crawford argues on appeal that the statute does not give the court discretion to deny foreclosure of a perfected mechanic's lien. It contends that the word "may" must be understood as part of the phrase "may only" and when read in that context means that the only way to foreclose a mechanic's lien is through court order. It argues that this interpretation is consistent with the purpose of mechanic's lien laws, which is to secure payment for labor and materials provided to improve another's property. Two entities filed amicus briefs supporting Crawford's interpretation.

---

[1] In so concluding, the court stated it was exercising discretion "given the facts presented in this action." The parties do not address whether this language in the court's findings of fact and conclusions of law impacts our decision, and we do not address it here.

Conversely, Skillman contends that "may" connotes discretion and that Crawford's interpretation of the statute changes the word "may" to "shall." Skillman also argues that the supreme court's decision in *Delgado* supports its interpretation that section 53.154 grants the trial court discretion whether to foreclose a perfected mechanic's lien. We do not agree that *Delgado* controls here. The issue in *Delgado* was whether an arbitrator had authority to determine the validity of a mechanic's lien. *See Delgado*, 95 S.W.3d at 234–43. In its discussion of that issue, the majority stated, "Nor does it make sense that the Legislature, in order to protect judicial discretion in foreclosing mechanic's liens, would insist on a judicial determination of technical issues . . . ." *Id*. at 240. This language was in response to the dissenter's argument that the trial court retained exclusive jurisdiction to determine if a lien was valid. It did not decide the issue presented in this appeal. *See id*. at 239–40. Additionally, Skillman relies on language from the dissenting opinion to support its argument. *Id*. at 248 (Hankinson, J., dissenting) ("By specifically requiring judicial foreclosure in this context, the Legislature preserved some degree of judicial discretion in enforcing mechanic's liens."). Even if this language were not in the dissenting opinion, it still would not control our analysis because the statement was made about the court's discretion to determine whether a lien was valid. The statement did not address whether section 53.154 gave the trial court discretion to deny the remedy of foreclosure and sale once it determined that the debt and lien were valid. *See id*. For these reasons, we conclude that *Delgado* does not control the issue in this appeal.

**Interpretation of the Statute**

When we examine the meaning of a word in a statute, we must look to the context in which the word is used. *See Martinez v. Dallas Cent. Appraisal Dist.*, 339 S.W.3d 184, 190–91 (Tex. App.—Dallas 2011, no pet.) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998), and *Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 671 (Tex. App.—Austin

2006, no pet.) (en banc)).  The word "may" could mean the legislature granted a permission or power to trial courts, but it also could mean the legislature granted an entitlement to litigants. *See* TEX. GOV'T CODE ANN. § 311.016(1) ("'May' creates a discretionary authority or grants permission or a power."); *see also Martinez*, 339 S.W.3d at 190–91; *Aaron Rents*, 212 S.W.3d at 671.  For example, in the context of an award of attorney's fees, statutes that state "the court 'may' award attorney's fees" have been interpreted to afford "the trial court a measure of discretion in deciding" whether to award attorney's fees.  *Bocquet*, 972 S.W.2d at 20.  And statutes that state "a party 'may recover' attorney's fees" have been interpreted to grant an entitlement to litigants to recover attorney's fees but not a grant of discretion to the trial court to deny an award of attorney's fees.  *Id.*

Section 53.154, however, is different from the examples in *Bocquet* because it is in the passive voice—"A mechanic's lien may be foreclosed"—and the subject of the sentence ("A mechanic's lien") is the receiver of the action ("may be foreclosed"), not the person performing the action.[2]  THE CHICAGO MANUAL OF STYLE ¶ 5.112 (15th ed. 2003); *see also Aaron Rents*, 212 S.W.3d at 672–73.  A writer uses the passive voice to "(1) deliberately disguise or deemphasize an actor or (2) avoid mentioning an actor whose identity is obvious or unknown."  TEXAS LAW REVIEW MANUAL ON USAGE & STYLE 51 (Texas Law Review Ass'n ed., 11th ed. 2008); *see also* MARTHA FAULK & IRVING M. MEHLER, THE ELEMENTS OF LEGAL WRITING 35 (1991).  The passive voice usually includes a *by* prepositional phrase to show who is performing the action in the sentence.  *See Aaron Rents*, 212 S.W.3d at 681 (Patterson, J., dissenting).  But when the *by* phrase is not stated, it can be understood from the context.  *See id.*  There are two possible *by-*

---

[2] In other words, section 53.154 does not read, "A trial court may foreclose a mechanic's lien" or "A lienholder may foreclose a mechanic's lien," which are phrased in the active voice.  *See* THE CHICAGO MANUAL OF STYLE ¶ 5.112 (15th ed. 2003).

phrase scenarios in section 53.154: "by the trial court" and "by the lienholder." We examine both.

**"By the trial court."** If the actor in section 53.154 is the trial court, the statute would read, "A mechanic's lien may be foreclosed [by the trial court] only on judgment of a court of competent jurisdiction foreclosing . . . ." But if the trial court is the actor, it becomes unnecessary to say "on judgment of a court of competent jurisdiction foreclosing . . . ." This interpretation renders the entire last phrase beginning with "on judgment of a court" redundant and unnecessary. And by adopting this interpretation, we run afoul of the rule of statutory construction that each word and phrase has meaning. *In re Office of Att'y Gen.*, 422 S.W.3d at 629; *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). Consequently, we conclude that the legislature did not intend the implied actor in the statute to be the trial court.

**"By the lienholder."** If the actor in the statute is the lienholder, the statute would read, "A mechanic's lien may be foreclosed [by the lienholder] only on judgment of a court of competent jurisdiction foreclosing . . . ." If the lienholder is the actor, the last phrase of the statute beginning with "on judgment of a court" is not rendered unnecessary and redundant. *See In re Office of Att'y Gen.*, 422 S.W.3d at 629; *Tex. Lottery Comm'n*, 325 S.W.3d at 635. And when the last phrase is examined with its modifier "only," the meaning becomes even clearer: the only way a lienholder may foreclose a mechanic's lien is through a judgment of a court of competent jurisdiction foreclosing the lien and ordering a sale of the property subject to the lien. *See Lippencott v. York*, 24 S.W. 275, 280–81 (Tex. 1893) (mechanic's lien "can be enforced only through the judgment or [sic] a court, foreclosing the lien, and ordering the sale of the property"); *Gill Sav. Ass'n v. Int'l Supply Co.*, 759 S.W.2d 697, 702 (Tex. App.—Dallas 1988, writ denied) (citing section 53.154 and stating "the only manner in which the lien can be

foreclosed is through a judicial foreclosure sale"). This interpretation is consistent with the legislature's purpose when it enacted the mechanic's lien statutes and complies with the mandate to construe mechanic's lien statutes liberally to accomplish that purpose. *See First Nat'l Bank in Dallas v. Whirlpool Corp.*, 517 S.W.2d 262, 269 (Tex. 1974) ("It is well settled that the mechanic's and materialman's lien statutes of this State will be liberally construed for the purpose of protecting laborers and materialmen."); *Strang*, 35 S.W. at 1055 ("the courts must give such construction to this language as will carry out that intention"); *Addison Urban Dev. Partners, LLC v. Alan Ritchey Materials Co.*, No. 05-13-00122-CV, 2014 WL 2946019, at *8 (Tex. App.—Dallas July 1, 2014, no pet. h.) ("We are also mindful of the fact that the lien statute 'is to be liberally construed for the purpose of protecting laborers and materialmen,' so as to afford 'the most comprehensive application' without 'doing violence' to the statute's terms." (quoting *Wesco Distrib., Inc. v. Westport Grp., Inc.*, 150 S.W.3d 553, 557 (Tex. App.—Austin 2004, no pet.))).

Based on the record in this case, we conclude that once the trial court determined that the lienholder had a valid debt and a perfected mechanic's lien, it did not have discretion under section 53.154 to deny a judgment of foreclosure and order of sale of the property subject to the lien. *See Seeds v. Edgerton*, 209 S.W.2d 987, 989 (Tex. Civ. App.—Eastland 1948, no writ) (stating that under Texas law when plaintiff proves valid mechanic's lien on property, plaintiff "entitled to a foreclosure" of that lien). An interpretation that the statute affords the trial court unlimited discretion would introduce uncertainty into the mechanic's lien enforcement process and defeat the purpose for enacting the mechanic's lien statutes: to provide security to those who supply labor and materials for improving the value of another's land. And with that interpretation it is difficult to imagine a scenario in which the holder of a valid debt and a

perfected mechanic's lien could ever show an abuse of discretion. We sustain Crawford's sole issue.

## INDEMNITY BOND

Skillman argues that it filed an indemnity bond that discharged the lien and that "Crawford has no right to foreclose upon the discharged mechanic's lien." We disagree.

The property code states that a mechanic's lien will be discharged if a person files an indemnity bond that complies with section 53.172, notice of the bond is issued in compliance with section 53.173, and the bond and notice are recorded as required in section 53.174. TEX. PROP. CODE ANN. § 53.171. Skillman argues that it complied with all of these provisions and that "[t]he lien was discharged when Skillman filed its Notice on [sic] Bond to Indemnify Against Mechanic's Lien." But Skillman does not cite the appellate record where it argued discharge of the lien to the trial court. In fact, the first time the record shows Skillman mentioned an indemnity bond was in a postjudgment motion in which it asked the trial court to approve the bond as alternate security in place of a supersedeas bond on appeal. *See* TEX. R. APP. P. 33.1; TEX. R. CIV. P. 94.

Additionally, Skillman did not include a record on appeal showing it complied with the statute for discharge of a lien by indemnity bond. Although Crawford admitted below that Skillman "obtained a mechanic's lien bond . . . and . . . filed notice of the bond," Crawford argues on appeal that it was never served with the bond and notice as required by the statute. *See* TEX. PROP. CODE ANN. § 53.173. We have reviewed the record and conclude that it does not establish that Skillman complied with all the statutory requirements for discharging the lien with an indemnity bond. Consequently, we are unable to affirm the trial court's judgment on that basis.

## CONCLUSION

We reverse the trial court's order denying Crawford's motion to modify the judgment and render judgment granting the motion. We remand this cause to the trial court with instructions to render a judgment of foreclosure of Crawford's mechanic's lien and an order of sale of the property subject to the lien. In all other respects, we affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131428F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CRAWFORD SERVICES, INC., Appellant

No. 05-13-01428-CV        V.

SKILLMAN INTERNATIONAL FIRM, L.L.C., Appellee

On Appeal from the 95th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 12-3217.
Opinion delivered by Justice Lang-Miers, Justices Bridges and Francis participating.

In accordance with this Court's opinion of this date, we **REVERSE** the order of the trial court denying appellant Crawford Services, Inc.'s motion to modify the judgment to include a judgment of foreclosure of its mechanic's lien and order of sale of the property subject to the lien and **RENDER** judgment granting the motion. We **REMAND** this cause to the trial court with instructions to render a judgment foreclosing the lien and an order of sale of the property subject to the lien. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that appellant Crawford Services, Inc. recover its costs of this appeal from appellee Skillman International Firm, L.L.C.

Judgment entered this 22nd day of August, 2014.